# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR., <br><br> Plaintiff, <br><br> v. <br><br> KIM STPEHENS, LEYLA SANTIAGO, STEPHANIE BOOROJIAN, and ANTHONY FLORES, <br><br> Defendants. | 1:11-cv-1193 GSA <br><br> **ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITH PREJUDICE (Document 2)** <br><br> **ORDER DIRECTING CLERK TO CLOSE CASE** |

**I.    Introduction**

Richard Jose Dupree Jr. ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to Title 42 of the United States Code section 1983. Plaintiff filed the complaint commencing this action on May 31, 2011, together with a request to proceed in forma pauperis.[1] (Docs. 1 & 2.) Plaintiff consented to Magistrate Judge jurisdiction on June 8, 2011. (Doc. 4.) The case was transferred from the Sacramento division of this Court on July 19, 2011.

---

[1]

1

(Doc. 5). The Court has reviewed Plaintiff's in forma pauperis application and denies his request. Moreover, the Court dismisses Plaintiff's complaint with prejudice for failure to state a claim.

**II. Discussion**

Title 28 of the United States Code section 1915 governs proceedings in forma pauperis. More specifically, section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to the limitations imposed by this section of the code and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[2]

The complaint outlines numerous ways that the members of the news media and television anchors have harmed Plaintiff and contains fanciful and incoherent allegations. Accordingly, the Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception and his application for IFP status is denied. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

Moreover, the court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

---

[2] Among the dismissals suffered by Plaintiff that count as strikes under section 1915(g) are: Dupree Jr., v. Santiago, 2:11-cv-309-EFB (E.D. Cal.) (Dismissed on 2/22/11 (Docs. 7 & 9) for failure to state a claim); Dupree Jr., v. United States Courts of the Eastern District of California, 2:11-cv-263, DAD (E.D. Cal.) (dismissed on 3/24/11 (Docs. 10 & 11) as frivolous); and Dupree Jr., v. Scott, 1:11-cv-565-OWW DLB (E.D. Cal.)(dismissed on 7/12/11(Docs. 21 & 22) for failure to state a claim without leave to amend).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

As noted above, Plaintiff's allegations are delusional. Court records indicate that in addition to the cases listed in footnote 1 *infra*, Plaintiff has other actions containing similar allegations. For example, in Case No. 2:11-cv-00533-KJN, Plaintiff filed a habeas corpus action alleging that Mr. Scott, a news anchor, deceitfully extracted sexual favors from Plaintiff's future wife. The court also noted that Plaintiff's allegations were delusional. Dupree v. Scott, 2:10-cv-00533 KJN, Dkt. No. 3 at 2.

A claim may be dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional" or if they rise to the level of the irrational or the wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). An example of a factually frivolous claim includes a claim describing fantastic or delusional scenarios. See Neitzke v. Williams, 490 U.S. 319, 328 (1989). Here, Plaintiff's complaint is subject to dismissal because the allegations made "rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.

Further, Plaintiff's claim fails as a matter of law. A civil rights suit brought pursuant to 42 U.S.C. § 1983 requires state action. Members of the media and television news anchor defendants are not a state actors. To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A § 1983 claim can lie against a private party only when "he is a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). The fanciful allegations in Plaintiff's complaint are insufficient to establish that the named defendants acted under color of state law. Accordingly, the fanciful

allegations do not support a § 1983 action.

  Accordingly, Plaintiff may not proceed in forma pauperis in this action and his request to proceed in forma pauperis is denied. Moreover, this action shall be dismissed with prejudice for failure to state a claim.

  Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to Title 28 of the United States Code section 1915(g), Plaintiff's request to proceed in forma pauperis in this action is DENIED;
2. This action is DISMISSED with prejudice for failure to state a claim; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 21, 2011**     /s/ **Gary S. Austin**
              UNITED STATES MAGISTRATE JUDGE